FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 SEP 17  PM 1:30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN MCLOED | * | CASE NO __07-5645__ |
| VS. NO. | * | SECTION __SECT. N MAG. 3__ |
| CONTINENTAL CREDIT ASSOCIATION, INC. | * | MAGISTRATE _____ |

## COMPLAINT

This is an action for actual and statutory damages brought by Plaintiff Bryan McLoed, and individual consumer against Defendants Continental Credit Association, Inc. For violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices

### JURISDICTION AND VENUE

1.

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

2.

Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

3.

Venue in this District is proper in that defendant transacts business here and the

Fee $350
Process_____
X Dktd _____
___ CtRmDep_____
___ Doc. No_____

conduct complained of occurred here.

## PARTIES

4.

Plaintiff, Bryan McLoed, is a natural person residing in St. Tammany Parish, State of Louisiana.

5.

Defendant Continental Credit Association, Inc. is an Oregon Corporation engaged in the business of collecting debts using the mail and telephone, and who regularly attempts to collect debts alleged to be due another.   Defendant does not have a designated agent for service of process in the State of Louisiana, and thus will be served through the Louisiana Secretary of State.   Defendant's mailing address is P.O. Box 16670, Portland, Oregon 97292.

6.

Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.

Between September 15, 2006 and November 20, 2006, defendant Continental Credit Association, Inc. Mailed to plaintiff numerous letters regarding an alleged indebtedness to Shannon's Health Center\APX1003.

8.

During the course of defendant Continental Credit Association, Inc.'s written communications with plaintiff Bryan McLoed, defendant Continental also engaged in numerous telephone conversations with plaintiff regarding this alleged indebtedness.

9.

During the course of defendant Continental Credit Association, Inc.'s written communications with plaintiff Bryan McLoed, defendant Continental also engaged in numerous telephone conversations with plaintiff regarding this alleged indebtedness.

10.

Upon information and belief, during the course of defendant Continental Credit Association, Inc.'s written communications with plaintiff Bryan McLoed, defendant Continental also engaged in numerous telephone conversations with plaintiff's sister, a third party, regarding this alleged indebtedness.

**FIRST CLAIM FOR RELIEF**

11.

Plaintiff repeats and realleges and incorporates by reference Paragraphs 1 through 10 above.

12.

Plaintiff avers that in the course of its communications, defendant violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a)   Defendants violated 15 U.S.C. § 1692c (b) by contacting a third party, the plaintiff's sister, without Plaintiff's prior consent.

b)   Defendants violated 15 U.S.C. § 1692e(2)(A), (5),and (10) by misrepresenting the imminence of legal action by defendants.

c)   Upon information and belief, the first written communication received by plaintiff regarding this debt was sent on September 15, 2006. Said communication did not include the written validation notices required by 15 U.S.C. 1692g(a) nor did defendants send said validation notices to plaintiff within the five working days required by law.

d)   In the event it is determined that defendants complied with Defendants violated 15 U.S.C. § 1692g by making a threat of suit during the debt validation request period in a manner that overshadowed the notice of validation rights and would create confusion for a least sophisticated consumer about his rights.

e)   Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status on the debt at issue, by adding illegal, unauthorized and/or unaccured charges to the alleged indebtedness to Shannon's Health Center\APX1003;

f)   Defendants violated 15 U.S.C.§ 1692d(2) by engaging in abusive, harrassing, and oppressive conduct in the course of its telephone conversations with plaintiff and plaintiff's sister.

g)   Defendants violated 15 U.S.C.§ 1692d(5) by engaging in repeated and/or continuous telephone calls to plaintiff and plaintiff's sister with the intent to annoy, abuse, and/or harass plaintiff and plaintiff's sister.

h)   Defendants violated 15 U.S.C.§ 1692f(1) by adding authorized fees and interest to the alleged indebtedness to Shannon's Health Care\APX1003;

i)   All other violations to be shown at the trial of this matter.

13.

Defendants acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

14.

As a result of the acts alleged above, plaintiff suffered damages including stress, humiliation, anxiety, mental anguish and suffering, and emotional distress, for which he should be compensated in an amount proven at trial.

15.

As a result of the above violations of the FDCPA, the defendants are liable unto plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a) Declaratory judgment that defendants' conduct violated the FDCPA;

b) Actual damages;

c) Statutory damages pursuant to 15 U.S.C.§ 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C.§ 1692k;

e) All other legal and equitable relief that the court deems necessary and proper.

_____
Robert M. Louque, Jr. (#28662)
The Louque Law Firm, L.L.C.
206 West Seventh Street
P.O. Box 1518
Thibodaux, Louisiana 70302
Telephone: (985) 448-3133
Facsimile: (985) 448-3134
Attorney for Plaintiff, Bryan McLoed